## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | In Chapter 11 |
| | ) | Case No.  09 B 39426 |
| 3518-22 CLARK CORPORATION | ) | |
| | ) | Honorable  Susan Pierson Sonderby |
| Debtor-In-Possession | ) | Motion Date:  September 21, 2010 |
| | ) | Motion Time:  10:00 a.m. |

### NOTICE OF MOTION

TO:     See attached

PLEASE TAKE NOTICE THAT on September 21, 2010 at the hour of 10:00 a.m., the **FINAL APPLICATION FOR COMPENSATION OF COUNSEL FOR THE DEBTOR**, shall be heard by the shall be heard by the Honorable Susan Pierson Sonderby of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, in Room 642 at 219 South Dearborn Street, Chicago, Illinois,  60604. A copy of same is attached hereto and thereby served upon you.  You may appear if you so see fit.

QUERREY & HARROW, LTD.

### AFFIDAVIT OF SERVICE

I, Beverly A. Berneman, an attorney, certify that I caused the foregoing Notice of Motion and Motion upon the persons to whom it is addressed by mailing copies of the same to them and depositing it in the U.S. Mail at 175 West Jackson Boulevard, Chicago, Illinois on August 27, 2010, 2010, with proper postage prepaid.

/s/Beverly A. Berneman
Beverly A. Berneman

QUERREY & HARROW, LTD.
175 West Jackson Boulevard, Suite 1600
Chicago, Illinois  60604
312-540-7000

## SERVICE LIST

William T. Neary
United States Trustee
219 S. Dearborn, #873
Chicago, IL 60604

Michael Gonzalez
1537 North Bosworth Ave.
Unit 3
Chicago, IL 60642

American Express
PO Box 0001
Los Angeles, CA 90096-8000

Pawlan Bluemfeld Miscinski & Assoc
5301 Dempster, Suite 300
Skokie, IL 60077

Bella Bagno
5500 W. Touhy Avenue, Unit E
Skokie, IL 60077

PJL Electric
3019 N. Broadway
Chicago, IL 60657

Christina Neitzke
c/o Fishman & Fishman, Ltd.
134 N. LaSalle Street
Chicago, IL 60602

Samco Enterprises
658 W. Belden
Chicago, IL 60614

Cintas First Aid and Safety
1870 Brummel Drive
Elk Grove Village, IL 60007

Schultz Supply, Inc.
3215 S. 59th Avenue
Cicero, IL 60804

Cozzini, Inc.
350 Howard Avenue
Des Plaines, IL 60018

Sound & Lighting Design
2759 Maple Street
Des Plaines, IL 60018

Dalmares Produce, Inc.
1314 W. 21st Street
Chicago, IL 60608

Todd Shivers
202 W. Willow Ave.
Wheaton, IL 60187

Eric Strand
c/o Christopher Johnson
Katz Friedman Eagle Eisenstein Johnson
77 W Washington, 20th Floor
Chicago, IL 60602

US Food Service
PO Box 98420
Chicago, IL 60693

Foster & Son
7309 West 90th Street
Bridgeview, IL 60455

John B., Inc.
658 West Belden Ave.
Chicago, IL 60614

JB at Clark, Inc.
658 Belden Avenue
Chicago, IL 60614

Samuel Sanchez
1010 Sheridan Road
Glencoe, Illinois 60022

3518-22 Clark Corporation
3518 North Clark Street
Chicago, IL  60657
Attn:  Samuel Sanchez

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | **In Chapter 11** |
| | ) | **Case No.  09 B 39426** |
| **3518-22 CLARK CORPORATION** | ) | **Honorable  Susan Pierson Sonderby** |
| | ) | **Motion Date:   September 21, 2010** |
| **Debtor-In-Possession** | ) | **Motion Time:  10:00 a.m.** |

**FINAL APPLICATION FOR COMPENSATION OF
COUNSEL FOR THE DEBTOR**

The law firm of QUERREY & HARROW, LTD. ("Q&H"), counsel for the Debtor, 3518-22 CLARK CORPORATION ("3518" or "Debtor"), applies to this court for an order approving the payment of final fees in the amount $25,424.00 and expenses in the amount of $50.90 and in support thereof states as follows:

**I. JURISDICTION**

This Court has jurisdiction over this Application pursuant to 28 U.S.C. §157 and §1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §157(b).

**II. GENERAL BACKGROUND AND CASE STATUS**

1.      Debtor filed for relief under Chapter 11 of the United States Code ("Bankruptcy Code") on October 21, 2009. Debtor operates a bar and restaurant.

2.      On October 27, 2009, this Court entered an order approving retention of Q&H as counsel for the Debtor effective as of October 2, 2009. Q&H holds a retainer from the Debtor in the amount of $1,039.00.

-4-

3.      Debtor's Plan of Reorganization was confirmed by this Court on July 13, 2010.

### III. DESCRIPTION OF THE APPLICATION FOR COMPENSATION

1.      General Information.  Rule 2016(a) of the Bankruptcy Rules requires a detailed application for fees.  The primary objective of this fee application is to reveal sufficient information to enable the court to determine whether the services rendered in representing the Debtor were reasonable, actual and necessary.  Q&H has provided accurate and detailed records of the services which were made contemporaneously with the services performed.  *In re Chicago Lutheran Hospital Association*, 89 B.R. 719 (Bkrtcy.N.D.Ill. 1988);  *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

The statement of services includes a summary, by category, of the work done and time expended in each category.  Much care has been taken to properly categorize the activities to the degree possible.  Billing judgment was used to exclude hours which were excessive, redundant or otherwise unnecessary. *Hensley v. Eckerhart*, 461 U.S. 424, 76 L.Ed.2d 40, 103 S.Ct. 1933 (1983); *In re Temple Retirement Community, Inc*., 97 B.R. 333 (Bkrtcy. W.D.Tex. 1989); *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

2.      Billing Entries.  Q&H uses computerized time and billing software in the preparation of a fee petition. This final fee petition contains a narrative summarizing the nature and purpose of each particular activity or project and the approximate number of hours and compensation sought for each activity.  It contains a statement explaining the significance of the activity as well as the purpose, necessity and appropriateness of each such service.  Where appropriate, it contains a statement of the effectiveness of the activity, alternatives considered, method for choosing the action taken, a statement of any difficult or unusual problems which arose in the case and the manner in which it was addressed.  *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

3.   <u>Hourly Charges.</u>  Q&H charges all clients, including for non-bankruptcy matters, $480.00 per hour for partner attorney time in court; $320.00 per hour for other partner attorney time, $225.00 per hour for associate time, $150.00 per hour for travel time and $85.00 per hour for paralegal time.

### V.  BANKRUPTCY LOCAL RULE 5081-1 COMPLIANCE

Bankruptcy Local Rule 5081-1 governs applications for compensation and reimbursements for professional services in cases under Chapter 11. Counsel provides the following discussion in compliance with Bankruptcy Local Rule 5081-1.

### A.  COVER SHEET
### *[LOCAL RULE 5082-1(A)]*

Counsel filed a cover sheet required by Local Rule 5082-1(A) simultaneously with the filling of this application for compensation.

### B.  NARRATIVE SUMMARY
### *SUMMARY LIST OF ALL PRINCIPAL ACTIVITIES AND SUMMARY OF TOTAL COMPENSATION REQUESTED IN CONNECTION WITH EACH ACTIVITY*
### *[Local Rule 5082-1(B)(1)(a)]*

The summary of all activities is as follows:

| Activity Code | Description of Activity | Invoice Hours | Totals |
|---|---|---|---|
| ADM | Administration | 3.10 | 1,040.00 |
| EXC | Executory Contracts | 1.90 | 912.00 |
| OBJ | Objection to Claim | 7.90 | 3,056.00 |
| PLN | Plan | 62.70 | 20,416.00 |
| **TOTAL** | | **75.90** | **$25,424.00** |

### C. NARRATIVE SUMMARY
**SUMMARY OF ALL PRINCIPAL ACTIVITIES INCLUDING DETAILS AND DESCRIPTION OF EACH TASK AND ACTIVITY AND TOTAL COMPENSATION SOUGHT IN THE APPLICATION, HOURLY RATE FOR EACH PROFESSIONAL WITHIN EACH ACTIVITY AND NAME AND POSITION OF EACH PROFESSIONAL
[Local Rules 5082-1(B)(1)(b) and (d)]**

From March 1, 2010 to July 13, 2010, the Debtor has incurred $25,424.00 in fees at Q&H's customary hourly fee rates and $50.90 in costs and expenses, as is more fully set forth in Exhibit A.

The billing rates for each attorney and paraprofessional are identified in Exhibit A and in section IV.E. below.

The following is a detailed narrative summarizing the nature and purpose of each particular activity or project and the approximate number of hours and compensation sought for each activity:

*1.*   **ADMINISTRATION.**

The activities in the general administration category are those activities which are a necessary part of the representation of the Debtor such as reviewing monthly operating reports, communicating the United States Trustee's office, and advising Debtor about its operations as a debtor in possession. The benefits of these services to the Debtor and its estate were both economic and non-economic. The economic benefits resulted in the Debtor being able to streamline its operations. The remainder of the services was of non-economic benefit to the Debtor and its estate by promoting the bankruptcy process and the smooth administration of the cases.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibits A.  A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| R. R. Benjamin | Partner | 1.80 | 320.00 | 576.00 |
| B.A. Berneman | Partner | 0.30 | 320.00 | 144.00 |
| E.E. Sethna | Partner | 1.00 | 320.00 | 320.00 |
| | | 3.10 | | $ 1,040.00 |

## 2.   EXECUTORY CONTRACTS

Q&H aided the Debtor in evaluating its executory contracts for personal property and real property and facilitated the assumption of the Debtor's lease for its premises pursuant to §365 of the Bankruptcy Code.  The services benefited the estate on an economic basis by facilitating Debtor's ability to properly the value or detriment of executory contracts to the bankruptcy estate. The services benefited the estate on a non-economic basis by facilitating the bankruptcy process.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A.  A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|----------|----------|-------|-------------|--------|
| E.E. Sethna | Partner | 1.90 | 480.00 | 912.00 |

## 3.   OBJECTIONS TO CLAIMS

Q&H has counseled the Debtor in the evaluation and drafting of objections to claims. The services resulted in an economic benefit to Debtor's estate by aiding the Debtor in assuring that all claims against the estate are valid and correct.  The non-economic benefits insure the bankruptcy process and a fair distribution to all creditors.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A.  A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|----------|----------|-------|-------------|--------|
| B.A. Berneman | Partner | 0.70 | 320.00 | 224.00 |
| E.E. Sethna | Partner | 3.90 | 320.00 | 1,248.00 |
| E.E. Sethna | Partner | 3.30 | 480.00 | 1,584.00 |
| | | 7.90 | | $ 3,056.00 |

## 4.   PLAN

Debtor and counsel worked diligently to draft a feasible plan and a disclosure statement that contains adequate information. On July 13, 2010, this Court entered an order finding that the disclosure statement contained adequate information and confirming the Debtor's plan.  The services resulted in an

-8-

economic benefit to Debtor's estate by aiding the Debtor in concluding these proceedings in a timely

manner for the benefit of its unsecured creditors.  The non-economic benefits resulted from aiding the

administration of the estate.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A.  A

general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| B.A. Berneman | Partner | 6.00 | 320.00 | 1,920.00 |
| E.E. Sethna | Partner | 54.50 | 320.00 | 17,440.00 |
| E.E. Sethna | Partner | 2.20 | 480.00 | 1,056.00 |
| | | 62.70 | | $20,416.00 |

**D.  NARRATIVE SUMMARY**
**STATEMENT OF TIME AND TOTAL COMPENSATION SOUGHT IN THE**
**APPLICATION FOR PREPARATION OF CURRENT OR**
**PRIOR APPLICATION FOR COMPENSATION**
***[Local Rules 5082-1(B)(1)(c)]***

Q&H  is not requesting reimbursement for the time expended in preparing this application at this

time because the services were rendered post confirmation.

**E.  NARRATIVE SUMMARY**
**HOURLY RATE FOR EACH PROFESSIONAL FOR WHOM COMPENSATION**
**IS REQUESTED AND TOTAL NUMBER OF HOURS EXPENDED BY EACH**
**PERSON AND TOTAL COMPENSATION SOUGHT FOR EACH**
***[Local Rules 5082-1(B)(1)(d)]***

The summary of each professional and the compensation appears in the Detailed Statement of

Services attached as Exhibit A to this final fee petition. The summary is as follows:

| Name (Initials) | Position | Hours | Rates | Total |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 1.80 | 320.00 | 576.00 |
| Beverly A. Berneman (BAB) | Partner | 6.70 | 320.00 | 2,144.00 |
| Beverly A. Berneman (BAB) | Partner | 0.30 | 480.00 | 144.00 |
| Eileen E. Sethna (EEM) | Partner | 59.40 | 320.00 | 19,008.00 |
| Eileen E. Sethna (EEM) | Partner | 7.40 | 480.00 | 3,552.00 |
| **TOTAL** | | | **75.60** | **$25,424.00** |

## F. NARRATIVE SUMMARY
### STATEMENT OF COMPENSATION PREVIOUSLY SOUGHT AND ALLOWED
### *[Local Rules 5082-1(B)(1)(f)]*

1.      This is applicant's second and file fee petition.

2.      April 26, 2010, Q&H brought a first interim fee application for the period from October 21, 2009 to February 28, 2010. This first interim fee petition sought fees in the amount of $14,848.00 and the reimbursement of costs and expenses in the amount of $1,173.08. On April 6, 2010, this Court entered an order approving the compensation and reimbursement of expenses.

## G. NARRATIVE SUMMARY

### TOTAL AMOUNT OF EXPENSES FOR WHICH REIMBURSEMENT IS SOUGHT
### *[Local Rules 5082-1(B)(1)(g)]*

1.      Q&H seeks reimbursement of $50.90 for costs and expenses it incurred during its representation of the Debtor to date.  Expenses were incurred for the following items:  Overnight mail charges, copier charges, postage charges, messenger charges, travel expenses and facsimile charges. All copy charges are billed at $0.10 per copy. Debtor agreed to pay for these items pursuant to a written agreement with Debtor's counsel.   These expenses were necessary to accomplish the proper representation of the Debtor.

2.      The detail for each item for which counsel seeks reimbursement was contained in the Detailed Statement of Services which was attached as Exhibit A to the original first interim fee petition.

**H.  <u>NARRATIVE SUMMARY</u>**
**STATEMENT AS TO WHETHER THE REQUESTED FEES AND EXPENSES**
**ARE SOUGHT TO BE ALLOWED OR BOTH ALLOWED AND PAID**
***[Local Rules 5082-1(B)]***

Counsel requests that the fees and expenses sought herein be allowed and paid.

## V.  Certification

Q&H certifies that it served a copy of the chronological itemization of services rendered to the

Debtor.  To date, the Debtor has not objected to the fees incurred.

## VI.  The Value of the Services for Which
## Compensation is Sought and Preservation of the Retainer

Section 330(a) of the Bankruptcy Code provides:

(a)     After notice to any parties in interest and to the United States trustee and a
hearing, and subject to sections 326, 328 and 329 of this title, the court may award to a
trustee, to an examiner, to a professional person employed under section 327 or 1003 of this
title, or to the debtor's attorney −

(1)     reasonable compensation for actual, necessary services rendered by
such trustee, examiner, professional person, or attorney, as the case may be, and by any
paraprofessional persons employed by such trustee, professional person, or attorney, as the
case may be based on the nature, the extent, and the value of such services, the time spent on
such services, and the cost of comparable services other than in a cases under this title; and

(2)     reimbursement for actual, necessary expenses.

The Bankruptcy Court has the independent authority and responsibility to determine the

reasonableness of all fee requests, whether or not objections are filed.  *In re Spanjer Brothers, Inc.,*

203 B.R. 85 (Bkrtcy. N.D.Ill., 1996); *In re Pettibone Corporation*, 74 B.R. 293 (Bkrtcy.N.D.Ill.

1987).  The burden of proof is on the applicant to show that the fees incurred were actual and

necessary.  *In re Spanjer Brothers, Inc.,* 203 B.R. 85, 89 (Bkrtcy. N.D.Ill., 1996);  *In re Chicago*

*Lutheran Hospital Association*, 89 B.R. 719 (Bkrtcy.N.D.Ill. 1988); *In re Pettibone Corporation,* 74

B.R. 293 (Bkrtcy.N.D.Ill. 1987).

The representation of the Debtor adequately corresponds with the time and labor expended by Q&H.  The various issues involved required experienced bankruptcy counsel. Q&H attorneys have over sixty (60) years combined experience in the area of bankruptcy law. Less experienced attorneys would not have handled the matters herein as efficiently and as effectively.  Due to the substantial time expended on behalf of the Debtor, Q&H was precluded from accepting cases requiring extensive representation during the initial phase of these cases. Q&H was able to accomplish a great deal directed towards aiding the Debtor in its streamlining efforts and the preparation and proposal of a plan supported by a detailed disclosure statement. Considering the results obtained by Q&H the amounts involved are fair and reasonable.  This Court has reviewed and ruled upon numerous fee applications and is in a position to determine that the rates herein are reasonable.

## VII. Objections

Any objections to this fee applications should be submitted in writing, filed with the Clerk of the Bankruptcy Court For the Northern District of Illinois, Eastern Division, 219 South Dearborn, Chicago, Illinois  60604  and delivered to counsel at the address below on or before September 14, 2010.

## VII. Conclusion

WHEREFORE, QUERREY & HARROW, LTD. requests that this court enter an Order:

A.      Determining that the legal services and fees incurred in this and prior fee petitions were necessary and reasonable;

B.      Allowing final compensation as counsel for the Debtor in the amount of $25,424.00;

C.      Allowing reimbursement of expenses in the amount of $50.90; and

-12-

D.     Granting such other and further relief as this court may deem just and proper.

QUERREY & HARROW, LTD.

By:  /s/*Beverly A. Berneman*

Beverly A. Berneman

Robert R. Benjamin (ARDC # 10070429)
Beverly A. Berneman (ARDC # 06189418)
QUERREY & HARROW, LTD.
175  West Jackson Boulevard, Suite 1600
Chicago, Illinois  60606
(312) 540-7000